# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

Jermaine Rucker,                                                                    Civil No. 06-1090 JRT/AJB

          Petitioner,

v.                                                                                              **REPORT AND RECOMMENDATION**

R.L. Morrison,

          Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to consider whether he should be transferred to halfway house for the final six months of his confinement. Petitioner challenges the BOP's method of determining when a prisoner should be transferred into a community corrections center (CCC), i.e. halfway house, such that an inmate's CCC or home confinement placement is limited to the last ten percent of the sentence being served, not to exceed six months.[1] Petitioner contends that the BOP's CCC placement policy fails to take his individual needs and

---

[1] 18 U.S.C. § 3624(c) states in pertinent part:
    The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community

1

circumstances into account in determining the length of transitional confinement.  Mr. Rucker is an inmate at the Federal Prison Camp in Duluth, Minnesota, and is serving a 48 month sentence imposed by United States District Court Judge Bataillon on a conviction in the District of Nebraska.  His projected release date, with good time, is March 23, 2008, and at the time of filing the petition his eligibility date for halfway house placement was determined to be November 18, 2007, an allowance of 126 days.

The present action is one of a number of such cases commenced by prisoners who have challenged a BOP regulation that limited an inmate's eligibility for pre-release CCC placement to ten percent of the sentence, not to exceed six months.  This policy categorically precluded certain prisoners, including the petitioner in this matter, from receiving halfway house placement for a length of time greater than ten percent of the sentence, though such time is less than the six month maximum allowed under 18 U.S.C. § 3624(c).  The prisoners contend that application of this policy runs contrary to a requirement that the BOP exercise its discretion regarding placement on a case-by-case basis, thereby making halfway house placement decisions based upon consideration of the nature and circumstances of the inmate's offense, the history and characteristics of the prisoner, and any statement or placement recommendation by the court that imposed the sentence.  18 U.S.C. § 3621(b).[2]

---

[2] 18 U.S.C. § 3621(b) states in pertinent part:
> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering–
>> (1) the resource of the facility contemplated;
>> (2) the nature and circumstances of the offense;
>> (3) the history and characteristics of the prisoner;
>> (4) any statement by the court that imposed sentence–

The Eighth Circuit Court of Appeals recently issued its decision in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), therein holding that the Bureau of Prison's regulation limiting halfway house placement to no more than ten percent of a prisoner's sentence is in conflict with 18 U.S.C. § 3621(b) and is invalid.  Under the <u>Fults</u> decision the BOP may not categorically determine the amount of halfway house placement time that a prisoner will be allowed, but rather, the BOP must exercise its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner.

With respect to the prisoner in the present case, Mr. Rucker, the BOP did not initially consider the circumstances relating to the individual inmate, but instead made a simple calculation to determine that November 18, 2007, is the date that starts the last ten percent of his sentence, and is therefore his CCC placement eligibility date.  Pursuant to <u>Fults v. Sanders</u> the BOP is required to make an individualized determination and cannot exercise "categorical discretion."  The method used by the Bureau of Prisons in determining Mr. Rucker's halfway house placement date was not a proper method in which to exercise its discretion, and the petitioner is therefore entitled to reconsideration of his CCC eligibility date by the BOP.

In its response to the petition in this matter the Bureau of Prisons has expressly acknowledged the applicability of the <u>Fults</u> decision in this instance and has expressly stated that it will

---

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate;

3

follow the guidelines and policy on halfway house placement that existed before 2002, a policy that permits halfway house placement without the limitations that are challenged in this action. Indeed, the BOP asserts that a re-evaluation of petitioner Rucker's halfway house eligibility date has already been conducted and that he can now expect to receive 150 to 180 days of halfway house placement. Given the BOP's current policy and determinations with respect to Mr. Rucker, this § 2241 petition is essentially moot. However, the respondent has stated that it does not oppose the petition to the extent that it seeks BOP reconsideration of the date on which Mr. Rucker should be assigned to a halfway house without regard to 28 C.F.R. §§ 570.20 and 570.21, i.e. the BOP regulations that are challenged in this action. Therefore, the magistrate judge recommends that the petition be granted.

Based upon the foregoing discussion, along with the petition and memorandum response, **IT IS HEREBY RECOMMENDED** that petitioner Jermaine Rucker's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **granted**. [Docket No. 1]. In the event that the district court grants relief as recommended herein, the Bureau of Prisons should be required to timely conduct an individualized review of petitioner's CCC eligibility as necessary to determine a specific halfway house eligibility placement date.

Dated:    May 16, 2006

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and

Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 28, 2006.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.